# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| TYREE BELL LEONARD, II, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:16-cv-06145 (VEB) <br><br> DECISION AND ORDER |

## I. INTRODUCTION

In January of 2012, the Commissioner of Social Security[1] decided to terminate disability benefits previously awarded to Plaintiff Tyree Bell Leonard, II under the Social Security Act. Plaintiff, represented by the Law Offices of Lawrence D.

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Rohlfing, Young Cho, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On May 12, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff was found to be disabled as of August 11, 2009, and was awarded disability insurance benefits. (T at 95).[2] On January 18, 2012, the Commissioner decided to terminate benefits on the grounds that Plaintiff was no longer disabled. (T at 102-105). Plaintiff requested reconsideration and was denied. (T at 121-23). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On March 31, 2014, a hearing was held before ALJ Mary L. Everstine. (T at 68). Plaintiff appeared *pro se* and testified. (T at 74-94). A supplemental hearing was held on July 8, 2014. (T at 40). Plaintiff again appeared *pro se* and testified (T at 46-64); the ALJ also received testimony from Kelly Bartlett, a vocational expert. (T at 64-66).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

On August 8, 2014, the ALJ issued a decision finding that Plaintiff's disability ended as of January 1, 2012. (T at 8-23). The ALJ's decision became the Commissioner's final decision on June 17, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On August 16, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on January 17, 2017. (Docket No. 16). The parties filed a Joint Stipulation on April 13, 2017. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

### III. DISCUSSION

**A.     Cessation of Benefits**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

3
DECISION AND ORDER – LEONARD v BERRYHILL 2:16-CV-06145-VEB

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

Once a claimant is found disabled, there is a presumption of continuing disability. *See Bellamy v. Secretary of Health and Human Services*, 755 F.2d 1380, 1381 (9th Cir. 1985). While the claimant retains the burden of proof as to ongoing disability, the burden of production shifts to the Commissioner to produce evidence to rebut the presumption. *Id*. Disability benefits may be terminated if the Commissioner presents substantial evidence demonstrating medical improvement in the claimant's impairment such that the claimant is able to engage in substantial gainful activity. *See* 42 U.S.C. § 423(f); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

When a benefit recipient challenges cessation, the issue is whether the recipient's medical impairments have improved to the point where he or she is able to perform substantial gainful activity. This question is subjected to a two-part evaluation process: (1) whether "there has been any medical improvement in [the

4

individual's] impairment(s)" and, if so, (2) "whether this medical improvement is related to [the individual's] ability to work." 20 C.F.R. § 416.994(b).

Under the first prong, the Regulations define "medical improvement" as "any decrease in the medical severity of [the individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [the individual was] disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i).

"A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the individual's] impairment(s)." 20 C.F.R. § 416.994(b)(1)(i). Moreover, "if there has been a decrease in the severity … of the impairment(s) present at the time of the most recent favorable medical decision," the medical improvement is related to the individual's ability to work only if there has been a corresponding "increase in [the claimant's] functional capacity to do basic work activities." 20 C.F.R. § 416.994(b)(1)(ii).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that the most recent favorable medical decision finding that Plaintiff was disabled was dated October 15, 2009, which is the "comparison point decision" or "CPD." (T at 12). The ALJ found that, as of the CPD, Plaintiff had the following medically determinable impairments: kidney failure (of Listing severity) and cardiomyopathy secondary to alcoholism with the placement of a defibrillator. (T at 13). The ALJ concluded that Plaintiff did not engage in substantial gainful activity through January 1, 2012. (T at 13).

The ALJ determined that as of January 1, 2012, Plaintiff had the following medically determinable impairments: history of cardiomyopathy with ex-planted pacemaker, congestive heart failure, multilevel cervical stenosis with C6-7 fusion, chronic thoracic pain and back pain, history of renal disease status post-dialysis,

7

DECISION AND ORDER – LEONARD v BERRYHILL 2:16-CV-06145-VEB

alcohol dependence in remission, attention deficit hyperactivity disorder, and physical condition affecting psychological functioning. (T at 13).

However, the ALJ concluded that, as of January 1, 2012, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 13). Further, the ALJ found that, as of that date, although his medically determinable impairments remained "severe," as defined under the Act, Plaintiff experienced medical improvement such that there was a decrease in the medical severity of his impairments. (T at 13, 17).

The ALJ determined that, as of January 1, 2012, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: occasional climbing of ladders, stooping, crouching; frequent climbing, balancing, kneeling and crawling; no concentrated exposure to extreme cold, dust, fumes, respiratory irritants; limited to simple, routine tasks in a non-public environment (*i.e.* only incidental contact with the public, verbal collaboration not a primary part of job, although he can work side-by-side with co-workers and/or perform solo work). (T at 13).

The ALJ found that, as of January 1, 2012, Plaintiff could not perform his past relevant work as an account executive. (T at 17). Considering Plaintiff's age (40 on January 1, 2012), education (at least high school), work experience, and residual

functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform as of January 1, 2012. (T at 18).

As such, the ALJ found that Plaintiff's disability ended January 1, 2012, and, as such, benefits were properly terminated. (T at 19). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D. Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 17), Plaintiff offers one main argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ did not properly weigh the medical evidence.

## IV. ANALYSIS

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating

sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217.

Here, the ALJ determined that, as of January 1, 2012, Plaintiff had the RFC to perform a limited range of light work. (T at 13). In making this determination, the ALJ gave "great weight" to the opinion of Dr. S. Ha Lim, a consultative examiner. (T at 17). In October of 2011, Dr. Lim opined that Plaintiff could stand/walk about 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday with appropriate breaks; lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull frequently with his left upper extremity; and engage in occasional stooping. (T at 473).

The ALJ also afforded "great weight" to the assessment of Dr. F. Wilson, a non-examining State Agency review consultant. (T at 17). In November of 2011, Dr. Wilson concluded that Plaintiff could occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; sit/walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; push/pull without limitations; frequently climb ramps and stairs, occasionally climb ladders/ropes/scaffolds; occasionally

balance; frequently stoop, kneel, or crawl; and occasionally kneel and crawl. (T at 478-79).

However, on December 26, 2011, after these physicians rendered their opinions, Plaintiff was seriously injured in a motorcycle accident. (T at 508). Plaintiff cites significant medical treatment for orthopedic issues arising from the accident. For example, a January 2012 examination indicated decreased sensation radiating from the cervical and lumbar spine, as well as decreased motor strength. (T at 559). Plaintiff reported ongoing pain and limitations with regard to activities of daily living. (T at 571-74). A June 2013 electromyogram/nerve conduction study indicated radiculopathy (radiating nerve pain) from the lumbosacral spine to both legs. (T at 634). Plaintiff was treated with medial branch block injections in October and November of 2013. (T at 623, 628). In March of 2014, Dr. Bob Richmond, Plaintiff's treating chiropractor, described Plaintiff as obtaining intermittent relief from chiropractic care, but still experiencing pain 75% of the time, making it difficult for him to stand for extended periods or perform any lifting/twisting involving more than 20 pounds. (T at 613). An April 2014 x-ray of the cervical spine revealed moderate stenosis. (T at 757).

The ALJ recognized the December 2011 accident (T at 14), but did not explain why she believed the opinions of Dr. Lim and Dr. Wilson were still entitled

to "great weight." Though not expressly stated, it is possible the ALJ believed Plaintiff's orthopedic issues arising from the accident did not materially alter the physical limitations assessed by Dr. Lim and Dr. Wilson. The Commissioner makes an argument along these lines in its portion of the Joint Stipulation.

However, this seems at odds with the ALJ's conclusion that Plaintiff's stenosis and chronic thoracic and back pain, which were new impairments (*i.e.*, impairments that had not been medically determined as of October 15, 2009, the original disability determination date), were "severe," as defined under the Social Security Act. (T at 12, 17). The ALJ did not explain this apparent contradiction and this Court declines to accept the Commissioner's effort at a *post-hoc* rationalization. *See Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009)("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."

The ALJ also gave "great weight" to the opinion of Dr. B. Harris, another non-examining State Agency review physician. (T at 17). Dr. Harris's opinion, which mirrored Dr. Wilson's earlier assessment, was rendered in June of 2012, which was after the motorcycle accident. (T at 590-92). However, it is not clear whether Dr. Harris reviewed the records then available regarding the December

2011 accident. Moreover, Dr. Harris is a non-examining physician and this type of opinion cannot, without more, constitute substantial evidence sufficient to sustain the decision to terminate benefits. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

This Court is mindful that Plaintiff, having been previously been found disabled, was entitled to a presumption of continued disability. *See Bellamy*, 755 F.2d at 1381. Further, Plaintiff was unrepresented at the administrative hearings, which heightened the ALJ's duty to develop the record. *See Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981) (holding that when claimant is unrepresented, ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited") (citing *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).

One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919. In this case, given the evidence discussed above, this Court finds that the ALJ was obliged to either seek the input of a medical expert who had the benefit of reviewing the entire record, including the records developed following

the motorcycle accident, and/or obtain an updated consultative examination to account for the undisputed additional impairments that arose following the accident. A remand is required.

**B.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although Plaintiff has additional impairments, and may have additional limitations, arising from the December 2011 accident, it is not clear whether those limitations render Plaintiff disabled within the meaning of the Social Security Act. As such, a remand for further proceedings is the appropriate remedy. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 20th day of December 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE